1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

BRUCE BYLES, individually, and on
behalf of all other similarly situated,

CASE NO. C16-0834-JCC

ORDER

11

Plaintiff,

v.

12
13

ACE PARKING MANAGEMENT, INC.,

14

Defendant.

15

16    This matter comes before the Court on Plaintiff's unopposed motion for preliminary

17  approval of class settlement agreement (Dkt. No. 31). Having thoroughly considered the motion

18  and the relevant record, the Court hereby GRANTS the motion and FINDS:

19    1.    Defendant Ace Parking Management, Inc. ("Ace") does not oppose this motion.

20    2.    Plaintiff and Defendant have executed a proposed settlement ("Settlement

21  Agreement") seeking to resolve Plaintiff's and the putative class's claims against Defendant. As

22  part of the Settlement Agreement, the parties have agreed to seek provisional certification of a

23  settlement class. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court orders that this

24  action may proceed on behalf of the following class of persons:

25  //

26  //

ORDER
C16-0834-JCC
PAGE - 1

All persons to whom Ace provided an electronically printed receipt for parking at the 999 Third Avenue garage on or after June 3, 2011 bearing the expiration date of the customer's personal credit or debit card.

Excluded from the class are any individuals who timely and validly opt to exclude themselves from the Settlement Class; individuals who paid using a business card; officers and directors of Ace at all relevant times, as well as their family members, legal representatives, heirs, and assigns; governmental entities; and the judge to which this case is assigned and his immediate family.

This certification of a settlement class is provisional in nature and is for the limited purpose of providing notice to the class of the pendency of the settlement and evaluating its fairness and adequacy. This provisional settlement class certification shall automatically terminate if the settlement is not finally approved for any reason.

3.      Subject to the terms of paragraph 2 of this order, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) are met with respect to this settlement class. The settlement class is too numerous to be joined individually. This action presents common questions of law and fact. The claims of the proposed Class Representative are typical of those of the settlement class. The Class Representative and Class Counsel identified in the proposed Settlement Agreement will adequately protect the interests of the settlement class. Plaintiff has also satisfied the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3) for the purposes of this settlement.

4.      The Court appoints Bruce Byles as Plaintiff's Class Representative. The firm of Pfau Cochran Vertetis Amala, PLLC ("PCVA") is appointed as Class Counsel.

5.      The Court has carefully reviewed the terms of the proposed Settlement Agreement. The settlement provides substantial relief to the class without the risk, cost, and delay associated with continued litigation and trial. The settlement also resulted from extensive arms-length negotiation with the participation of a mediator with extensive experience in class action litigation and class settlements. The Court preliminarily approves the Settlement

Agreement as presenting a compromise that falls within the range of possible approval as fair, reasonable, and adequate. Accordingly, the Settlement Agreement warrants publication and consideration by the class.

6.     PCVA has requested to serve as the administrator of the settlement ("Settlement Administrator"). The Court has reviewed the background qualifications of PCVA, and finds it qualified to serve, and therefore appoints PCVA, as the Settlement Administrator.

7.     The Court will conduct a hearing on the fairness and final approval of the settlement ("Fairness Hearing") on August 20, 2019 to determine: (1) whether the proposed settlement of the litigation, on the terms and conditions set forth in the Settlement Agreement, is fair, reasonable, and adequate; (2) whether the proposed settlement class should be finally certified; (3) whether a final order of judgment and dismissal should be entered; (4) whether the fee application of Class Counsel and the proposed awards for Plaintiff's Class Representative should be approved; and (5) such other matters as the Court deems just and proper.

8.     Class members who wish to be heard at the Fairness Hearing in opposition to the settlement, or on any of the other issues identified above, must file notice of such intent with the Court, Class Counsel, and defense counsel by June 13, 2019 (60 calendar days after the last day of the 30-day notice period), pursuant to the instructions set forth in the Notice. Class members may file written statements in the same manner without obliging themselves to appear at the Fairness Hearing. Class members who do not follow the procedure outlined in the Notice shall be deemed to have waived any objections and shall be forever foreclosed from making any objection to the fairness and adequacy of the proposed settlement, to the propriety of class certification, to any final judgment that may be entered, and to any award of attorney fees and expenses to Class Counsel. The Court may issue further orders in advance of the Fairness Hearing to establish the procedure for presentations at the hearing and to ensure a fair, efficient, and orderly presentation of all views, without undue repetition.

9.     Any class member may be excluded from the class (i.e., "opt out") if he or she

timely elects not to participate in the settlement or be bound by its terms. Class members who choose to "opt out" shall do so by mailing by registered mail a personally signed and timely and validly completed request for exclusion pursuant to the instructions set forth in the Notice, postmarked by June 13, 2019 (60 calendar days after the last day of the 30-day Notice period). All persons who comply with these requirements shall be excluded from the class and shall have no rights or obligations with respect to the settlement, shall not be bound by its terms, and shall have no standing to comment on or object to the settlement. Class members who do not comply with these requirements shall be considered part of the class and bound by the Settlement Agreement and its terms, if it is finally approved.

10. Pursuant to the terms of the Settlement Agreement, the parties are directed to give notice to the class of the pendency of this action, the terms of the Settlement Agreement, the procedure for exercising the opt-out right, and the procedures for filing written objections or appearing at the Fairness Hearing. The proposed Notice submitted by Plaintiff to the Court is hereby approved as providing all information necessary to inform class members of their rights and obligations under the proposed settlement. The notice program proposed by Plaintiff is approved as providing the best notice practicable and the Court holds that it complies with due process requirements, the requirements of Federal Rule of Civil Procedure 23(c)(2), and any other applicable laws or rules.

11. Pursuant to Federal Rule of Civil Procedure 23(d)(1)(B), for the protection of the class and to ensure the fair conduct of the Fairness Hearing and evaluation of the proposed settlement, all persons, including, but not limited to, Defendant, class members, and their counsel, are hereby enjoined from soliciting or inducing objections to the settlement or the filing of requests for exclusion from the class by means of misleading communications. Persons who violate this order shall be subject to appropriate sanctions and the Court reserves its right to invalidate exclusions or objections obtained by use of such misleading communications.

12. The Court reserves the right to adjourn the date of the Fairness Hearing without

1  further notice to class members and retains continuing jurisdiction to consider all further matters

2  arising out of, or connected with, the proposed settlement.

3        13.     If the settlement is not approved or is otherwise terminated in accordance with the

4  terms of the Settlement Agreement, the Settlement Agreement shall have no force or effect. All

5  negotiations, proceedings, and statements made in connection with the Settlement Agreement

6  and the settlement approval process shall be deemed inadmissible in any further proceedings, and

7  the parties to the litigation shall be restored to their respective positions prior to the entry of this

8  order, preserving all respective arguments, claims, and defenses.

9        The settlement approval schedule is as follows:

| Deadline for printing class Notice | **March 15, 2019** |
|---|---|
| Printed Notice period | **March 15, 2019–April 14, 2019** |
| Deadline for class members to object or "opt out" | **June 13, 2019** |
| Deadline for class members to file claim | **July 13, 2019** |
| Class Counsel's motion for attorney fees and costs due date | **July 18, 2019** |
| Fairness Hearing date | **August 20, 2019** |

19        Plaintiff's unopposed motion for preliminary approval of class settlement agreement

20  (Dkt. No. 31) is GRANTED. A fairness hearing is scheduled for August 20, 2019 at 9:00 a.m.

21        DATED this 30th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE