UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE BYLES, individually, and on behalf of all others similarly situated, | CASE NO. C16-0834-JCC |
| Plaintiff, | ORDER |
| v. | |
| ACE PARKING MANAGEMENT, INC., | |
| Defendant. | |

THIS MATTER having come before the Court upon Plaintiff's unopposed motion for final approval of class settlement agreement (Dkt. No. 39), and the Court having considered the memorandum and materials submitted, reviewed the record in this action, held a fairness hearing on August 20, 2019, and considering itself fully advised, finds and rules as follows:

1. Defendant Ace Parking Management, Inc. ("Ace") does not oppose this motion.

2. Plaintiff and Ace have executed a proposed settlement ("Settlement Agreement") seeking to resolve Plaintiff's and the putative class's claims against Ace. As part of the Settlement Agreement, the parties have agreed to seek final certification of a settlement class. Pursuant to Local Civil Rule 23(b)(3), the Court orders that this action may proceed on behalf of the following classes of persons: all persons to whom Ace provided an electronically printed receipt for parking at the 999 Third Avenue garage on or after June 3, 2011 bearing the

expiration date of the customer's personal credit card or debit card.

Excluded from the class are any individuals who timely and validly opt to exclude themselves from the Settlement Class; individuals who paid using a business card; officers and directors of Ace at all relevant times, as well as their family members, legal representatives, heirs, and assigns; governmental entities; and the judge to which this case is assigned and his immediate family.

3.     Subject to the terms of Paragraph 2 of this order, the Court finds that the following requirements of Federal Rule of Civil Procedure 23(a) are met with respect to this settlement class. The settlement class is too numerous to be joined individually. This action presents common questions of law and fact. The claims of the proposed class representative is typical of those of the settlement class. The Class Representative and Class Counsel identified in the proposed Settlement Agreement will adequately protect the interests of the settlement class. Plaintiff has also satisfied the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3) for the purposes of this settlement.

4.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds that the Settlement Agreement is fair, reasonable, and adequate. Class Counsel and Plaintiff adequately represented the class. Class Counsel extensively investigated the facts and applicable law prior to filing this lawsuit, vigorously prosecuted this lawsuit prior to settlement, possessed sufficient knowledge of the case's strengths and weaknesses at the time of settlement, and diligently effectuated the Settlement Agreement's terms in the best interests of the class after settlement. The settlement also resulted from extensive arms-length negotiation with the participation of a mediator with extensive experience in class action litigation and class settlements. The settlement provides adequate relief in light of the risk, cost, and delay associated with continued litigation and trial; the Court's approval of the notice and claims process as an effective method of distributing relief to the class; the reasonable fee amount requested by Class Counsel to be paid only after court approval and separate from the relief to the class; and the lack of existence

of any side agreements under Rule 23(e)(3). The Settlement Agreement treats class members equitably by providing a uniform formula of recovery applicable to each class member consistent with the types of harm alleged by Plaintiff in this action.

5. The Court finds that the reaction of the class to the settlement further demonstrates that the Settlement Agreement is fair, reasonable, and adequate. No class members have objected to or requested exclusion from the settlement.

6. The Court finds that, pursuant to the factors enumerated in *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011), the Settlement Agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.

7. The Court finds that final approval of the Settlement Agreement is appropriate.

8. Pursuant to the Court's final approval, the Court directs that the Settlement Agreement be implemented in accordance with its terms and conditions, including but not limited to: (1) Ace shall pay any monies required under Paragraphs 3.1.1 and 12 of the Settlement Agreement to Class Counsel within 15 days of "Final Approval" as defined by Paragraph 1.1 of the Settlement Agreement; (2) Any monies required under Paragraph 3.2 of the Settlement Agreement for payment of Class Counsel's fees, costs, and a class representative service award shall be paid by Ace to Class Counsel within the Court-approved attorney fee and cost award of $80,000 to Class Counsel and the Court-approved Class Representative service award of $15,000 to Plaintiff Byles shall be paid by Ace to Class Counsel within 15 days of "Final Approval" as defined by Paragraph 1.1.a of the Settlement Agreement.

9. Plaintiff and all members of the settlement class who have not filed timely and properly executed notices of exclusion in response to the Notice of Proposed Class Action Settlement, are deemed to have forever released and discharged Ace from claims pursuant to Paragraphs 4.2. and 4.3 of the Settlement Agreement, which release is effective as to any person claiming through the Plaintiff Class Representative or class member, whether as an heir, assign, or estate.

10.     In order to protect the Court's continuing jurisdiction to effectuate the Court's judgment in this action, each class member is enjoined from prosecuting claims released under Paragraphs 4.2 and 4.3 of the Settlement Agreement.

11.     Without affecting the finality of this judgment and order, this Court shall retain exclusive and continuing jurisdiction over this action and the parties, including all class members, for purposes of supervising, administering, implementing, enforcing, constructing, and interpreting the Settlement Agreement.

12.     Plaintiff's motion for final approval of class action settlement (Dkt. No. 39) is GRANTED. Pursuant to the terms of the Settlement Agreement, the above-captioned action is hereby DISMISSED with prejudice.

DATED this 20th day of August 2019.

Richard A. Jones
UNITED STATES DISTRICT JUDGE