THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE BYLES, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

ACE PARKING MANAGEMENT, INC.,

Defendant.

CASE NO. C16-0834-JCC

ORDER

This matter comes before the Court on Plaintiff's unopposed motion for attorney fees and costs and for class representative service award (Dkt. No. 36). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

The facts of this case have been discussed in prior orders, and the Court will not repeat them here. (*See* Dkt. Nos. 24, 33, 42.) Most recently, the Court granted Plaintiff's unopposed motion for final approval of class action settlement. (*See* Dkt. No. 42.) Plaintiff now moves for an award of attorney fees.

//
//

## II. DISCUSSION

### A. Attorney Fee Request

Before the Court may award attorney fees to a prevailing party, the Court must determine that the award is "reasonable." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). District courts employ a two-step process to calculate a reasonable fee award. *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court calculates "the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Second, the Court may adjust this figure based on several factors not included in the lodestar calculation. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). There is a "strong presumption" that the lodestar figure represents the reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

To determine a reasonable billing rate, the Court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The reasonable hourly rate is determined "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). The Court finds that the proposed rates for the attorneys—$550 per hour for Darrell L. Cochran, $300 per hour for Christopher E. Love, $400 per hour for Loren A. Cochran, $450 per hour for Thoams B. Vertetis, and $300 per hour for Kevin M. Hastings—are reasonable compared to similar attorneys in the Seattle area. (*See* Dkt. No. 37.)

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley*, 461 U.S. at 434. The Court finds that the number of hours expended was reasonable.

First, counsel put forward significant effort in ensuring that the majority of the work was performed by junior attorneys who billed at lower rates. (Dkt. No. 37 at 19–23.) Second, the total amount of hours spent on this litigation—288.3—is reasonable considering the age of the case, the procedural history which included an appeal, settlement negotiations, and dispositive motions practice. (*See* Dkt. No. 37.) Therefore, the Court finds that Plaintiff's calculation of a lodestar figure of $94,660 is accurate and reasonable.

Finally, under a percentage-of-recovery cross check, a requested fee award under fee shifting statutes is reasonable when it does not exceed "half of the total amount of money going to class members and their counsel." *Tait v. BSH Home Appliances Corp.*, 2015 WL 4537463, slip op. at 14 (C.D. Cal. 2015) (quoting *Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014)). The amount requested here—$80,000—constitutes half of the total $160,000 going to class members and their counsel. Additionally, class counsel is requesting $80,000, instead of the total $94,660 lodestar figure. This further supports the finding that class counsel's requested fee award of $80,000 is reasonable.

B. Plaintiff Byles's Service Award

Service awards given to lead plaintiffs help promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). Plaintiff Byles participated meaningfully in a contested lawsuit, remained willing to provide assistance to the parties for over three years, and provided class counsel with evidence of the claims and his consent to make strategic decisions about the case. (*See* Dkt. No. 36 at 10.) Therefore, the Court finds that class counsel's request of a $15,000 award for Plaintiff Byles is reasonable.

III. CONCLUSION

For the foregoing reasons, Plaintiff's unopposed motion for attorney fees and costs and for class representative service award (Dkt. No. 36) is GRANTED.

//

DATED this 20th day of August 2019.

Richard A. Jones
UNITED STATES DISTRICT JUDGE

ORDER
C16-0834-JCC
PAGE - 4